UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Matthew Fairbanks, et al., | Court File No. 23-CV-02407 (JNE/DTS) |
| Plaintiffs, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |
| Twisted Mechanical, LLC, | |
| Defendant. | |

## INTRODUCTION

The undersigned seeks permission to withdraw as counsel of record for Defendant Twisted Mechanical, LLC pursuant to L.R. 83.7(c).

## LEGAL ANALYSIS

Under District of Minnesota Local Rule 83.7(c), a lawyer seeking to withdraw without substitution of counsel must give notice to the client and show good cause. D. Minn. L.R. 83.7(c). It is within the Court's discretion whether to allow counsel to withdraw without substitution. *Fleming v. Harris*, 39 F.3d 905, 908 (8th Cir. 1994). "Relevant factors include: '(1) the reasons for withdrawal; (2) resulting prejudice, if any, to the parties; (3) the effect withdrawal may have on the administration of justice; and (4) the delay in resolution of the case that would result from the withdrawal.'" *COKeM Int'l, Ltd., v. MSI Ent. LLC*, No. 19-CV-3114 (JRT/HB), 2020 WL 12880065, at *1 (D. Minn. Oct. 19, 2020) (quoting *Ivers v. CMFG Life Ins. Co.*, No. 15-cv-1577 (WMW/JJK), 2016 WL 11031189, at *1 (D. Minn. Apr. 5, 2016)). "Courts typically evaluate the impact of the withdrawal on

the parties' interests and the progress of the action." *AB Tours LLC v. ABC Bus Leasing, Inc.*, No. CV 21-1376 (ECT/BRT), 2021 WL 10395829, at *1 (D. Minn. Dec. 13, 2021) (citing *Deluxe Small Bus. Sales, Inc. v. Findley*, No. 11-CV-1449 (JNE/ SER), 2012 WL 13047581, at *2 (D. Minn. Mar. 28, 2012)).

The District of Minnesota has adopted the Minnesota Rules of Professional Conduct as the standards governing lawyers who appear in its courts. D. Minn. LR 83.6(a). The Minnesota Rules of Professional Conduct provide that a lawyer may withdraw from representing a client if:

> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; [or]
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client[.]

*Minn. R. Prof'l Conduct* 1.16(b)(5)-(7). "If the requirements of these rules are satisfied, withdrawal is presumptively appropriate." *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 550 (8th Cir. 2016) (internal quotations omitted) (reversing district court's denial of motion to withdraw). The Eighth Circuit has held that a defendant's refusal or failure to pay fees for legal services is "undoubtedly a substantial failure to fulfill an obligation to the lawyer" that "supplied good cause for withdrawal." *Sanford*, 816 F.3d at 550 (8th Cir. 2016) (quoting *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

Here, there is good cause for the undersigned's withdrawal. *See Motion to Withdraw* (ECF No. 30) at ¶ 5. The attorney-client relationship has materially broken down and is irreparable. *Id.* Despite this breakdown, the undersigned has taken all reasonable steps to

avoid any potential prejudice to Defendant (or Plaintiffs), including, but not limited to, continuing settlement negotiation efforts, responding to written discovery requests from Plaintiffs, propounding written discovery requests to Plaintiffs, and attempting to reach an agreement with Plaintiffs to stipulate to an additional 60-day extension of the discovery and related case deadlines. *See id.* at ¶¶ 2-4, 7. There are no pending motions or requests for Defendant to respond to and trial is not set until May 5, 2025. *Id.* at ¶ 8. In addition, Defendant has been on notice of the undersigned's potential withdrawal for nearly 6 weeks, since no later than July 2, 2024, and the undersigned has made multiple additional attempts to repair the relationship since then. *Id.* at ¶ 6.

Importantly, there also would be no prejudice to Plaintiffs to any further extension of the deadlines in this case because a directly related case against Defendant's affiliated company, D.P. Fabrication, LLC, involving identical claims and defenses, has been stayed since January 2024 and has not even had the initial pretrial scheduling conference yet. *See id.* at ¶ 2.

Neither Defendant nor Plaintiffs would suffer any "severe" prejudice from the undersigned's withdrawal, and Defendants have had adequate advance notice of the potential withdraw. *See Sanford*, 816 F.3d at 550; *Brandon*, 560 F.3d at 538. Defendant has also received notice of this motion. *Motion to Withdraw* (ECF No. 30 at ¶ 9). Accordingly, this Court should find that there is good cause for the undersigned's withdrawal, that there would be no severe prejudice to any party as a result of the withdrawal, and the Defendant has received notice of the withdrawal and this motion in compliance with Eighth Circuit law and L.R. 83.7(c).

## **CONCLUSION**

The undersigned respectfully requests that the Court grant this Motion to Withdraw as Counsel for Defendant in the above-captioned action.

Dated: August 12, 2024    *s/ Bryan J. Morben*
Bryan J. Morben (#0396624)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street
Suite 1500
Minneapolis, MN 55402-4400
(612) 492-7000
bmorben@fredlaw.com

***Attorneys for Defendant***